10-4347-cv
Farina v. Branford Board of Education

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18ᵗʰ day of November, two thousand eleven.

PRESENT:
> JOSEPH M. McLAUGHLIN,
> ROBERT D. SACK,
> PETER W. HALL,
> > *Circuit Judges.*

_____

Denise Farina,

> *Plaintiff-Appellant*,

> v.                                                                                        10-4347-cv

Branford Board of Education, Anthony Buono,
Monica Briggs, Kathleen Halligan, Doctor,

> *Defendants-Appellees.*

_____

FOR APPELLANT:              Denise Farina, *pro se*, Branford, CT.

FOR APPELLEES:              Michael J. Rose, Rose Kallor, LLP, Hartford, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Hall, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Denise Farina, a former school teacher proceeding *pro se*, appeals from the district court's grant of summary judgment in favor of the Appellees, dismissing her claims brought under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–12117 ("ADA"), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 ("ADEA"), and state law.[1] We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

We review *de novo* a district court's grant of summary judgment, with the view that "[s]ummary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). There is no issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986) (internal citations omitted). The nonmoving party "must come forward with specific facts showing that there is a *genuine issue for trial*," *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002) (internal quotation marks omitted), and may not rely on unsupported conclusory statements to defeat summary judgment, *see Bickerstaff*

---

[1] As Farina has abandoned her ADEA and state law claims, our review is limited to her ADA claims. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995).

2

*v. Vassar Coll.,* 196 F.3d 435, 452 (2d Cir. 1999).

**I.      Objection to the 2009 Termination Hearing Transcripts**

Farina argued in the district court, and on appeal, that the district court erred by failing to consider her objection to the Appellees' use of testimony provided at the 2009 termination hearing.  However, the district court expressly disregarded that evidence.  To the extent the district court relied on the Appellees' statement of material facts which, in turn, cited those transcripts, those asserted facts were either supported by other evidence in the record or immaterial to the outcome of the case.

**II.      ADA Disability Discrimination Claim**

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to . . . the . . . discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  Failing to reasonably accommodate an employee's disability is a type of discrimination, 42 U.S.C. § 12112(b)(5)(A), and retaliation is prohibited, *see Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005).  A person is disabled within the meaning of the statute if that person has "a physical or mental impairment that substantially limits one or more major life activities," a "record of such impairment," or is "regarded as having such an impairment."  42 U.S.C. § 12102(1).  Major life activities include "[c]aring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, [and] breathing[.]"  29 C.F.R. § 1630.2(i)(1)(i).  The impairment must be "permanent or long-term" to be "substantially limit[ing]."  *Toyota Motor Mfg. v. Williams*, 534 U.S. 184, 196 (2002) (superseded by ADA Amendments Act of 2008, Pub. L. 110-325, 122 Stat. 3553).

3

> Claims alleging disability discrimination in violation of the ADA are subject to the burden-shifting analysis originally established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). A plaintiff must establish a prima facie case; the employer must offer through the introduction of admissible evidence a legitimate non-discriminatory reason for the discharge; and the plaintiff must then produce evidence and carry the burden of persuasion that the proffered reason is a pretext.

*McBride v. BIC Consumer Prods. Mfg. Co.,* 583 F.3d 92, 96 (2d Cir. 2009) (internal quotation marks and citation omitted).

Farina contends that the district court erred in holding that her back injury, and extreme fatigue and insomnia linked to her thyroid cancer, were not disabilities under the ADA. We find no error with the district court's analysis. Farina points to no evidence in the record to support her conclusory statement that she could not stand for moderate periods of time or walk moderate distances as a result of her back injuries. While Farina may have been substantially limited in the major life activity of lifting at the time of her two back surgeries in 1988 and 1994, no record evidence indicates that those restrictions continued to affect her during the relevant time period asserted in the Amended Complaint. Although she mentioned, in a September 2008 e-mail, that she had had back surgeries and had difficulty moving "furniture, desks, [and] file cabinets," in response to a request by her school principal who asked her to move boxes in her classroom that presented a safety hazard, this single reference does not demonstrate that she had any lifting restrictions during the relevant time frame.

With regard to whether her insomnia and fatigue—which were linked to her thyroid cancer and thyroid disease—constituted disabilities, the district court properly determined that Farina raised no triable issue that she was substantially limited in her inability to sleep.

4

Farina failed to offer medical evidence substantiating that limitation, *see Baerga v. Hosp. for Special Surgery*, No. 97 Civ. 230, 2003 WL 22251294, at \*6 (S.D.N.Y. Sept. 30, 2003), much less any evidence concerning whether her alleged problems were "any worse than is suffered by a large portion of the nation's adult population," *Colwell v. Suffolk Cnty. Police Dep't*, 158 F.3d 635, 644 (2d Cir. 1998) (superseded by statute). Without such evidence, she cannot establish disability within the meaning of the ADA.

Even if Farina could establish a prima facie case of disability discrimination under 42 U.S.C. § 12112(a), she did not provide any evidence to show that the Appellees' well-chronicled reason for terminating her—chronic tardiness and ineffective teaching—was a pretext for discrimination. Her conclusory allegations do not suffice, and the district court did not err in granting Appellees' motion for summary judgment on the ADA Claim.

## III.    ADA Failure to Accommodate Claim

Farina argued before the district court, and argues on appeal, that Appellees failed to accommodate her disabilities. To establish a prima facie case for disability discrimination based on a failure to accommodate, a plaintiff must show that she is "a person with a disability under the meaning of the ADA"; (2) her employer is covered by the statute and "had notice of [her] disability"; (3) "with reasonable accommodation, [she] could perform the essential functions of the job at issue"; and (4) "the employer has refused to make such accommodations." *McBride*, 583 F.3d at 97 (internal quotation marks omitted). "The plaintiff bears the burdens of both production and persuasion as to the existence of some accommodation that would allow her to perform the essential functions of her employment, including the existence of a vacant position for which she is qualified." *Id.*

5

Farina has failed to make such a showing. First, she did not demonstrate that she was disabled within the meaning of the ADA. Second, Farina, through her doctor, requested that she be allowed to come five or ten minutes later to school as an accommodation. Appellees granted that request. Third, even with this accommodation, Farina *still* was tardy, and her doctor expressed doubt that such an accommodation would actually make a difference in addressing the consequences of her fatigue and insomnia. As a result, the district court held that Farina did not meet her burden that, even with such an accommodation, she could perform the essential functions of her job because she "provided no evidence as to why an extra ten minutes in the morning (that is, a change to her start time from 8:20 a.m. to 8:30 a.m.) would accommodate these issues" and enable her to perform her job adequately. Farina's suggested accommodation that the school have someone on call for the mornings when she could not arrive to work by 8:30 is patently unreasonable and would cause an undue hardship on Appellees.

Additionally, Farina contends that the district court erred by not addressing the Appellees' purported failure to accommodate her back disability. Because Farina has not demonstrated that she had such a disability, accommodation was not necessary.

## IV.    ADA Hostile Work Environment/Harassment Claim

Harassment is actionable when it creates a hostile work environment which is "so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of [plaintiff's] employment were thereby altered." *Alfano v. Costello*, 294 F.3d 365, 373 (2d Cir. 2002). Even assuming, *arguendo,* that the ADA provides a basis for a

6

hostile work environment claim (an issue this Court has not yet decided),[2] the record is devoid of evidence suggesting that Farina was disabled within the meaning of the ADA, or that she was harassed or ridiculed because of an alleged disability. *See Brennan v. Metro. Opera Ass'n, Inc.*, 192 F.3d 310, 318 (2d Cir. 1999) ("A plaintiff must also demonstrate that she was subjected to the hostility because of her membership in a protected class."). Consequently, the district court did not err in rejecting this claim.

## V.     ADA Retaliation Claim

Farina's arguments on appeal concerning her ADA retaliation claim are without merit, substantially for the reasons articulated by the district court in its decision. *See Farina v. Branford Bd. of Educ.*, No. 09-cv-49, 2010 WL 3829160, at *15-17 (D. Conn. Sept. 23, 2010).

## VI.     ADA "Regarded As" Mental Disability Claim

The ADA protects an employee against discrimination from an employer who regards that employee as being "substantially limit[ed]" in a "major life activit[y]." *Colwell*, 158 F.3d at 646 (quoting 42 U.S.C. § 12102(2)(C) (2008)). Farina's claim that she was regarded by her employer as having a mental disability springs from events that occurred on June 3, 2008. Farina, who was upset, telephoned the school about her dog being loose in the woods. The principal regarded a comment that Farina reportedly made during that telephone conversation as a possible suicide threat. The principal relayed the information to the police department, and a police officer decided to take Farina to the

---

[2] Several circuits have, however, recognized such claims. *See, e.g.*, *Shaver v. Indep. Stave Co.*, 350 F.3d 716, 719-20 (8th Cir. 2003); *Fox v. Gen. Motors Corp.*, 247 F.3d 169, 175-76 (4th Cir. 2001); *Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 232-35 (5th Cir. 2001).

hospital. Following this incident, the Superintendent of Schools informed Farina that she needed to submit to a second psychological evaluation in order to return to work. Farina returned to work the next week. In the district court, Farina claimed that Appellees discriminated against her on account of a perceived mental disability by requiring her to submit to a second fitness for duty evaluation. She reiterates that argument on appeal.

In order to establish a prima facie case of employment discrimination, based on disability or perceived disability, a plaintiff must show, *inter alia*, that she "suffered [an] adverse employment action because of [her] disability." *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001). The district court did not err in holding that the Appellees' having "forced Farina to take a second fitness for duty evaluation is not evidence of an adverse employment action." While "negative employment evaluation letters," or reprimands may be considered adverse employment actions, *Treglia v. Town of Manlius*, 313 F.3d 713, 720 (2d Cir. 2002), here there was "no proof that this evaluation had any effect on the terms and conditions of [Farina's] employment." *Sanders v. N.Y. City Human Res. Admin.*, 361 F.3d 749, 756 (2d Cir. 2004).

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

8