14-1363-cv
Giambattista v. American Airlines, Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of November, two thousand fourteen.

Present:     ROSEMARY S. POOLER,
             BARRINGTON D. PARKER,
             RICHARD C. WESLEY,
                  *Circuit Judges*.
_____

LOUANN GIAMBATTISTA

                  *Plaintiff-Appellant*,

             -v-                                      14-1363-cv

AMERICAN AIRLINES, INC.,

                  *Defendant-Appellee*.
_____

Appearing for Appellant:     Steven A. Morelli, Garden City, N.Y.

Appearing for Appellee:      Michelle S. Silverman (Ashley Hale, *on the brief*), Morgan, Lewis & Bockius LLP, Princeton, N.J.

        Appeal from the United States District Court for the Eastern District of New York (Spatt, *J.*).

        **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

        Plaintiff-appellant, Louann Giambattista, appeals from the March 20, 2014 decision and order of the United States District Court for the Eastern District of New York (Spatt, *J.*)

dismissing her complaint against defendant-appellee American Airlines, Inc., alleging discrimination and harassment on the basis of a perceived mental disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111 et seq. (the "ADA") and the New York State Human Rights Law, N.Y. Exec. Law § 290, et seq. (the "NYSHRL"). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only when necessary to explain our decision to affirm.

Giambattista argues that the district court subjected her complaint to a pleading standard higher than required by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512–13 (2002). In *Swierkiewicz*, the Supreme Court held that "an employment discrimination plaintiff need not plead a prima facie case of discrimination," but must only meet the pleading requirements in Federal Rules of Civil Procedure 8(a). *Id.* at 515. In light of the pleading standards subsequently articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), this Court has recently clarified that "while a discrimination complaint need not allege facts establishing each element of a prima facie case of discrimination to survive a motion to dismiss, . . . it must at a minimum assert nonconclusory factual matter sufficient to nudge its claims across the line from conceivable to plausible to proceed." *EEOC v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 254 (2d Cir. 2014) (internal citations and quotation marks omitted); *accord Brown v. Daikin Am. Inc.*, 756 F.3d 219, 228-229 n.10 (2d Cir. 2014) (discussing Title VII claims). Here, the district court did not dismiss the complaint for failure to plead a prima facie case of discrimination, but rather because it did not allege sufficient facts to suggest that American Airlines is liable for any materially adverse employment action that would plausibly entitle Giambattista to relief. Upon conducting an independent review of the record, we agree with the district court.

"We review the district court's grant of a motion to dismiss *de novo*, but may affirm on any basis supported by the record." *Coulter v. Morgan Stanley & Co. Inc.*, 753 F.3d 361, 366 (2d Cir. 2014). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "Plausibility thus depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

"The ADA prohibits discrimination against a 'qualified individual on the basis of disability' in the 'terms, conditions, and privileges of employment.'" *Kinneary v. City of New York*, 601 F.3d 151, 155 (2d Cir. 2010) (quoting 42 U.S.C. § 12112(a)). To state a claim for discrimination under the ADA, a plaintiff must allege facts which plausibly suggest, inter alia, that she "suffered [an] adverse employment action because of [her] disability." *Giordano v. City of New York*, 274 F.3d 740, 747 (2d Cir. 2001) (internal quotations marks omitted). As Giambattista does not claim to have an actual disability, she was required to raise a reasonable inference that she was discriminated against or harassed because American Airlines "regarded [her] as having a mental or physical impairment." *Hilton v. Wright*, 673 F.3d 120, 129 (2d Cir. 2012); *see also* 42 U.S.C. § 12102(1).

"Although we must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal alterations and quotation marks omitted).

2

Giambattista alleges that after thirty-five years of outstanding performance working as a flight attendant for American Airlines, two of her fellow flight attendants filed false reports with both American Airlines and Immigration and Customs Enforcement ("ICE"), which made the "absurd," "patently false and physically impossible" accusation that plaintiff had smuggled a pet rat onto an international flight. Compl. ¶ 2. The complaint alleges that because of this false report, Giambattista suffered several adverse consequences, including being searched and interrogated by ICE on four occasions, despite the repeated failure to uncover anything suspicious. The pleadings further assert that, after these baseless rumors spread among her co-workers, several of her fellow flight attendants made remarks to Giambattista that she was "crazy" or that people needed to "'take [her] away in white coats' as a result of the alleged rat incident." Compl. ¶ 26.

Even assuming that these events amounted to an adverse employment action or hostile work environment,[1] the complaint did not plausibly allege that the American Airlines discriminated against Giambattista because of a perceived mental impairment, "nor d[id] it set forth any factual circumstances from which a [disability]-based motivation for such an action might be inferred." *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007) (discussing Title VII claims). Although Giambattista claims that she was subjected to discrimination and harassment due to the false perception that she "had a mental disability because she was unable to be away from her pet rats for any period of time," Compl. ¶ 2, we need not credit "[g]eneral, conclusory allegations . . . when they are belied by more specific allegations of the complaint." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995). The complaint explicitly alleges that Giambattista was subjected to a number of unpleasant encounters all "as a result of" the false reports filed by two of her fellow flight attendants. Compl. ¶ 26. Similarly, under the circumstances alleged, the stray comments of her co-workers fail to raise a reasonable inference that American Airlines discriminated against her on the basis of a perceived disability. *See Henry v. Wyeth Pharm., Inc.*, 616 F.3d 134, 149 (2d Cir. 2010). The complaint itself asserts that these comments were motivated solely by the rumors regarding conduct that Giambattista concedes would be illegal if established.

For the same reasons, Giambattista fails to state a claim under the NYSHRL. "New York State disability discrimination claims are governed by the same legal standards as federal ADA claims." *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 117 n.1 (2d Cir. 2004). Even assuming that the "the term disability is more broadly defined" under the NYSHRL than it is under the current ADA,[2] *Weissman v. Dawn Joy Fashions, Inc.*, 214 F.3d 224, 233 (2d Cir.

---

[1] Although this court has not yet decided whether a hostile work environment claim is actionable under the ADA, we need not resolve that question here because Giambattista fails to plausibly allege that she experienced harassment because of a perceived mental impairment. *See Farina v. Branford Bd. of Educ.*, 458 F. App'x 13, 17 (2d Cir. 2011).

[2] In 2008, Congress passed the ADA Amendments Act of 2008, effective January 1, 2009, which among other things, broadened the definition for a perceived disability. *See* 42 U.S.C. § 12102(1)–(3); *Hilton*, 673 F.3d at 128. Nonetheless, under the amended statute, an ADA plaintiff must still establish that "she has been subjected to an action prohibited under this chapter because of an actual or perceived physical or mental impairment." 42 U.S.C. § 12102(3)(A).

2000) (internal quotation marks omitted),—a question this court has not yet decided—Giambattista's complaint pleads no facts that would allow a court to draw a reasonable inference that she was subjected to any mistreatment or adverse action because "she was regarded by others as" having a "mental impairment," as required under N.Y. Exec. Law § 292.  As a result, she has not alleged any discrimination or harassment that would plausibly entitle her to relief.

We have considered the remainder of plaintiff's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk