13-976-cv
Robinson v. Dibble

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of May, two thousand fifteen.

PRESENT:   JOHN M. WALKER, JR.,
           GERARD E. LYNCH,
           RAYMOND J. LOHIER, JR.,
                        Circuit Judges.

_____

MARY E. ROBINSON,

                    *Plaintiff-Appellant*,

        v.                                              No. 13-976-cv

RICK DIBBLE, CLIFF HILTON,
PURCELL CONSTRUCTION CORP.,

                    *Defendants - Appellees*.

_____

FOR PLAINTIFF-APPELLANT:        A.J. BOSMAN, Bosman Law Firm, L.L.C., Rome, New York.

FOR DEFENDANTS-APPELLEES:        DAVID H. TENNANT (Joseph J. Ortego, Thomas M. Mealiffe, *of counsel*), Nixon Peabody LLP, Jericho, New York.

1

Appeal from a judgment of the United States District Court for the Northern District of New York.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff-appellant Mary Robinson appeals from a February 12, 2013 judgment of the district court: (1) dismissing Robinson's disparate treatment and hostile work environment claims against defendant Purcell Construction Corporation ("Purcell") under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA") pursuant to a decision and order of the district court (Thomas J. McAvoy, *Judge*) granting partial summary judgment to Purcell; and (2) dismissing Robinson's Title VII and ADA retaliation claims against Purcell pursuant to a jury verdict (Glenn T. Suddaby, *Judge*).[1]  Robinson argues on appeal that the district court erred in granting summary judgment to Purcell on her Title VII and ADA disparate treatment and hostile work environment claims.  She also asserts various trial errors, arguing that she should be awarded a new trial on all of her claims.

I.      Order Granting Partial Summary Judgment

We review de novo a district court's order granting summary judgment.  *See*

*Cont'l Terminals, Inc. v. Waterfront Comm'n of N.Y. Harbor*, 782 F.3d 102, 105 (2d Cir.

---

[1] Robinson does not challenge on appeal the district court's dismissal on summary judgment of her claims against defendants Rick Dibble and Cliff Hilton for tortious interference with contractual relations and prima facie tort.

2015).

Robinson's ADA and Title VII disparate treatment claims are premised on her gender and on the fact that she suffers from anxiety, depression, and post-traumatic stress disorder ("PTSD"). Claims of discrimination under Title VII and the ADA are analyzed pursuant to the burden-shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See McBride v. BIC Consumer Prods. Mfg. Co.*, 583 F.3d 92, 96 (2d Cir. 2009) (applying *McDonnell Douglas* to ADA claim). Under that framework, after a plaintiff presents evidence establishing a prima facie case of discrimination, the defendant in response may articulate a legitimate, nondiscriminatory reason for the adverse employment action. If the defendant successfully articulates such a reason, the plaintiff must present sufficient evidence to permit a reasonable jury to find that the reason proffered by defendant is pretextual, and that the employer's action was discriminatory. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506-08 (1993); *McBride*, 583 F.3d at 96.

Aside from her termination, none of the conduct of which Robinson complains rises to the level of an "adverse employment action" sufficient to make out a prima facie case of discriminatory disparate treatment under Title VII or the ADA. "To be 'materially adverse' a change in working conditions must be more disruptive than a mere inconvenience or an alteration of job responsibilities." *Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640 (2d Cir. 2000) (internal quotation marks omitted). As to Robinson's termination, assuming arguendo that Robinson had successfully made out a

prima facie case of discrimination, she failed to adduce evidence upon which a reasonable juror could conclude that the legitimate, nondiscriminatory reason proffered by Purcell for her termination – that the project at the Fort Drum military base on which Robinson was working was reaching completion, and the company was therefore carrying out layoffs due to reduced staffing needs – was pretextual. Robinson proffered no evidence that Dibble and Hilton, the individuals whose conduct allegedly displayed a discriminatory animus towards her, played any part in her termination, nor did she offer any evidence of discriminatory animus on the part of those who were responsible for her termination.

Robinson's Title VII and ADA hostile work environment claims were also properly dismissed on summary judgment.[2] A plaintiff alleging a hostile work environment must prove either that the conduct complained of was "sufficiently continuous and concerted to be considered pervasive, or that a single episode [wa]s severe enough to establish a hostile working environment." *Brennan v. Metro. Opera Ass'n*, 192 F.3d 310, 318 (2d Cir. 1999) (internal quotation marks and citation omitted). Because Robinson did not argue that a single episode of harassment in this case was sufficiently severe to create a hostile work environment, to survive summary judgment, she was required to offer evidence "that the workplace was permeated with discriminatory intimidation, ridicule, and insult[] that was sufficiently . . . pervasive to

---

[2] We have not yet decided whether a hostile work environment claim is cognizable under the ADA. *See, e.g.*, *Giambattista v. Am. Airlines, Inc.*, 584 F. App'x 23, 25 n.1 (2d Cir. 2014). For purposes of this discussion, we assume, without deciding, that it is.

alter the conditions of [her] employment." *Patterson v. County of Oneida*, 375 F.3d 206, 227 (2d Cir. 2004) (alteration and internal quotation marks omitted). Robinson has not done so here, offering evidence of crude and offensive comments directed at her gender or mental health issues that were delivered sporadically by coworkers which, while condemnable, did not rise to the level of creating an abusive and hostile workplace environment.

The district court therefore did not err in granting Purcell's motion for summary judgment as to Robinson's Title VII and ADA discrimination and hostile work environment claims.

II.    Trial Errors

A.    Motion to Conform the Pleadings to the Proof

Before the close of trial on her Title VII and ADA retaliation claims, Robinson moved to conform her pleadings to the proof received at trial pursuant to Rule 15(b) of the Federal Rules of Civil Procedure, seeking thereby to assert a claim that Purcell had retaliated against her by failing to rehire her because she had filed a complaint against the company with the New York State Division of Human Rights ("SDHR"), in light of testimony by two Purcell employees at trial to the effect that Robinson had not been recalled for that reason. Up to that point in the litigation, Robinson's retaliation claim had been premised on the theory that Purcell had fired her in response to her complaints regarding alleged discriminatory conduct by her colleagues.

We review the district court's denial of that motion for abuse of discretion. *See Vt.*

5

*Plastics, Inc. v. Brine, Inc*., 79 F.3d 272, 279 (2d Cir. 1996).  The district court did not

abuse its discretion in denying the motion.  The theory that Robinson had not been

recalled by Purcell after being laid off because she had filed an SDHR complaint against

the company, which was in considerable tension with Robinson's pleaded claim that she

had been terminated, rather than laid off, by Purcell, had not been subject to discovery.

Moreover, there was no evidence introduced at trial to suggest that Robinson had ever

sought to be rehired by Purcell. It was not an abuse of discretion for the district court to

refuse to permit the jury to consider a claim that had not been fairly litigated, and for

which there was insufficient evidence, because allowing Robinson to assert the claim

would have been unfairly prejudicial to Purcell.[3]

B.      Jury Instructions and Evidentiary Issues

Finally, Robinson challenges a number of the district court's other rulings at trial,

including: (1) the district court's failure to charge the jury regarding general corporate

knowledge; (2) the district court's exclusion of certain testimony as hearsay; (3) the

district court's admission of evidence regarding Robinson's receipt of Social Security

benefits; and (4) the district court's exclusion of certain testimony from Robinson's

---

[3] Robinson also argues that the district court should have allowed her to argue to the jury that Purcell's failure to rehire her because she filed an SDHR complaint against the company was evidence that her original layoff had been retaliatory.  The district court did not abuse its discretion in precluding that argument, however, because "the danger of unfair prejudice, confusion of the issues and/or misleading the jury" outweighed the relevance of any such incident, which "happened weeks or months after [Robinson]'s alleged firing and involved a different alleged retaliatory animus than did the alleged firing," and "flatly contradict[ed Robinson]'s underlying claim that there was no layoff at all but a firing."  Joint App'x 2486-87.

6

healthcare providers. We review a district court's instructions to the jury de novo, *see Boyce v. Soundview Tech. Grp., Inc.*, 464 F.3d 376, 390 (2d Cir. 2006); we review a district court's evidentiary rulings for abuse of discretion, and reverse those rulings only when they constitute "manifest error," *Cameron v. City of New York*, 598 F.3d 50, 61 (2d Cir. 2010)(internal quotation marks omitted). For the reasons that follow, we find no reversible error.

(1) As to the jury charge, Robinson's only argument on appeal is that Hilton's knowledge can be imputed to Purcell. Because there was no basis in the evidence for imputing to Purcell Hilton's knowledge of Robinson's complaints, the jury instruction was not error.

(2) The district court did not abuse its discretion in excluding, as hearsay, testimony from Jason Whalen about what Hilton had told him about why Robinson had been laid off. The district court first conditionally admitted that testimony, which Robinson argued was offered not for the truth of the matter asserted but instead in order to show Hilton's state of mind. However, the court ultimately excluded the testimony on the ground that there was no evidence suggesting that Hilton had played any role in the decision to terminate Robinson. In the absence of any connection allowing Hilton's statement to be imputed to Purcell management, the district court correctly held that Hilton's state of mind was not relevant to Robinson's termination, and that the testimony was therefore inadmissible.

(3) Nor was it an abuse of discretion to admit evidence that Robinson received

7

Social Security benefits.  The court concluded that Robinson had opened the door to that evidence by arguing that defendants' actions had damaged her mental health and deprived her of the ability to support herself. The court properly permitted Purcell to rebut that claim by introducing evidence that Robinson's Social Security applications indicated that her disability began before the actions of which she complained.

(4) Finally, a district court has "broad discretion regarding the admission of expert testimony," *United States v. Dukagjini*, 326 F.3d 45, 52 (2d Cir. 2002) (internal quotation marks omitted), and the admission or exclusion of such testimony "is not an abuse of discretion unless it is 'manifestly erroneous,'" *Chin v. Port Auth. of N.Y. & N.J.*, 685 F.3d 135, 161 (2d Cir. 2012) (internal quotation marks omitted).  The district court's rulings that Sandra Weyer, a nurse practitioner, was not qualified to opine that Robinson suffered from PTSD, and that Lynn Taubenfeld, a licensed certified social worker who had seen Robinson, was not qualified to offer an opinion regarding the causes or the diagnosis of Robinson's condition, were not "manifestly erroneous."  *Id*.

We have reviewed Robinson's remaining arguments, including her argument that the district court acted in a "biased and prejudicial" manner at trial, Appellant's Br. 51, and conclude that they are without merit.

Accordingly, we AFFIRM the judgment of the district court.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court