15-3365
*Mary E. Robinson v. Purcell Constr. Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand sixteen.

PRESENT:  RALPH K. WINTER,
          RICHARD C. WESLEY,
          GERARD E. LYNCH,
                    *Circuit Judges.*

_____

MARY E. ROBINSON,

                    *Plaintiff-Appellant,*

          -v.-                                No. 15-3365

PURCELL CONSTRUCTION
CORPORATION,

                    *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:              A.J. BOSMAN, Bosman Law Firm,
                                     L.L.C, Canastota, NY.

FOR DEFENDANT-APPELLEE:    THOMAS M. MEALIFFE (Joseph J. Ortego, Juan Luis Garcia, *on the brief*), Nixon Peabody LLP, Jericho, NY.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the District Court is

AFFIRMED.

Plaintiff Mary E. Robinson ("Plaintiff") appeals a decision of the United States District Court for the Northern District of New York (Suddaby, *C.J.*) dismissing her amended complaint alleging employment discrimination and retaliation claims against Defendant Purcell Construction Company ("Defendant"). Plaintiff's claims arise from the August 1, 2008 termination of her employment by Defendant.[1]

A claim may be barred by *res judicata* if (1) the prior action involves a judgment on the merits; (2) whether the prior action involves the same parties or those in privity; and (3) whether the claims asserted in the action were, or could

---

[1] We review *de novo* the dismissal of a plaintiff's claims based upon *res judicata* principles. *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007). We assume the parties' familiarity with the facts and record below, which we reference only as necessary to explain our decision.

have been, asserted in the prior action. *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000). The third element is further analyzed under the "transactional test" of the Restatement (Second) of Judgments, which applies three inquiries: (1) whether the underlying facts are "related in time, space, origin, or motivation;" (2) whether the underlying facts "form a convenient trial unit;" and (3) whether their "treatment as a unit conforms to the parties' expectations." *Channer v. Dep't of Homeland Sec.*, 527 F.3d 275, 280 (2d Cir. 2008); Restatement (Second) of Judgments § 24(2) (1982).

"[W]hen a plaintiff's motion to amend the complaint is denied and the plaintiff subsequently brings the amendments as a separate lawsuit, 'it is not the actual decision to deny leave to amend that forms the basis of the bar . . . . In fact, the actual decision denying leave to amend is irrelevant to the claim preclusion analysis.'" *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) (quoting *Northern Assur. Co. of America v. Square D. Co.*, 201 F.3d 84, 88 (2d Cir. 2000)). Regardless of whether a plaintiff attempts to bring the additional claims in an initial suit, and regardless of whether plaintiff meets with success in that attempt, the *res judicata* bar "is based on the requirement that the plaintiff must

3

bring all claims at once against the same defendant relating to the same transaction or event." *Northern Assur. Co.*, 201 F.3d at 88.

Plaintiff argues here that the District Court should not have ruled that *res judicata* bars her retaliation claims of failure to rehire in the instant case because these acts constituted a distinct and different transaction from that at issue in the previous litigation. Plaintiff argues that in her earlier action, "the transaction and occurrence at issue was Plaintiff's treatment and separation from employment on a particular day in August 2008, whereas the transaction and occurrence in the instant action involves conduct that occurred weeks or months later." Appellant's Br. 14–15 (internal quotation marks omitted)). Plaintiff adds that it is "unfair" to bar her claims because "prior to the trial testimony given by Defendant's officers, Plaintiff did not suspect or allege that the reason she was not 'returned' was due to her filing a complaint" with the New York State Division of Human Rights. Appellant's Br. 18.

There is no dispute that there has already been a final judgment on the merits regarding claims asserted against Defendant related to Plaintiff's 2008 termination, and thus the first two elements of claim preclusion are clearly met. With respect to the third element, Defendant persuasively argues that "Plaintiff's

4

claims, on their face, reveal that they were or could have been asserted in the [earlier action] because they are based on the very same occurrences—her termination—and non-occurrences—her continued separation from employment—that were tried before a jury in the [earlier action]." Appellee's Br. 25.

We agree with Defendant that Plaintiff's separation from employment on August 1, 2008 "is the key factual component of her present claims." Appellee's Br. 25. Although Defendant's senior officers' testimony may not have been available to Plaintiff until the time of trial in February 2013, this testimony related to the same "transaction and occurrence" that was fully litigated in that trial, *i.e.*, Plaintiff's termination in August 2008. As of August 2008, Plaintiff's understanding was that her termination by Defendant was "permanent."[2] Regardless of whether her discharge is called a layoff, termination, firing, or failure to rehire, the fact remains that the circumstances surrounding Plaintiff's

---

[2] Not only did Plaintiff plead and then testify to this at the February 2013 trial, but she may never have survived summary judgment on her initial discrimination and retaliation claims had she accepted that her termination was merely a seasonal layoff or regular reduction in workforce.

termination in August 2008 were fully adjudicated in a seven-day trial in February 2013.[3]  She is thus barred from bringing those claims again.

Our analysis is no different simply because the District Court denied Plaintiff's motion to amend to conform the pleadings to the proof, nor is it different because a panel of this Court previously suggested that Plaintiff's present failure-to-rehire theory was "in considerable tension with" her theory that she had been terminated rather than laid off.  *Robinson v. Dibble*, 613 F. App'x 9, 13 (2d Cir. 2015) (summary order).  Whether Plaintiff attempted to (or succeeded at) amending her complaint has no bearing on whether the claims she desired to amend arose from the same transaction or occurrence as those already litigated and decided.  Similarly, Plaintiff's complaint that it is "unfair" to not allow her to bring these claims is unavailing because the application of *res judicata* is not subject to equitable considerations.  *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981).

---

[3] Plaintiff concedes that "[i]t does not matter whether her discharge is called a lay-off, termination, firing, permanent lay-off, failure to rehire, or banishment."  Reply Br. 10. She then argues that "[w]hat matters is what motivated the permanent end to Plaintiff's work."  Reply Br. 10.  But this is precisely what was already litigated and adjudicated at trial in February 2013.  As the District Court observed, "based on the facts [Plaintiff] knew before trial, or the facts that she reasonably should have known before trial, she could have pled the claim . . . that she was *laid off and not recalled* as a result of complaining of discrimination in the *alternative* to her claim that she was *fired* on August 1, 2008, for complaining of discrimination."  Special App'x 11.

We have considered all of Plaintiff's remaining arguments and find them to be without merit. Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk