15-2239-cv
*Hinz v. Village of Perry*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of June, two thousand sixteen.

PRESENT:   JOSÉ A. CABRANES,
           RAYMOND J. LOHIER, JR.,
           SUSAN L. CARNEY,
                     *Circuit Judges.*

---

TODD HINZ,

                     *Plaintiff-Appellant,*                         15-2239-cv

           v.

VILLAGE OF PERRY,

                     *Defendant-Appellee.*

---

FOR PLAINTIFF-APPELLANT:         RYAN C. WOODWORTH, The Woodworth
                                 Law Firm, Rochester, NY.

FOR DEFENDANT-APPELLEE:          MARY E. SHEPARD (James S. Wolford, *on
                                 the brief*), The Wolford Law Firm LLP,
                                 Rochester, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Todd Hinz ("Hinz") appeals from a June 25, 2015 judgment of the District Court granting the motion for summary judgment of defendant-appellee the Village of Perry ("the Village"). Hinz alleges that the Village, his former employer, discriminated against him, in violation of Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 *et seq.*, because he suffers from Crohn's disease. Although Hinz argued below that he was the victim of discriminatory termination and retaliation, he has abandoned those claims on appeal. Instead, he challenges the judgment of the District Court only insofar as it rejected his hostile work environment claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* a grant of summary judgment, "resolv[ing] all ambiguities and draw[ing] all reasonable inferences against the moving party." *Tolbert v. Smith*, 790 F.3d 427, 434 (2d Cir. 2015). Summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Hinz presents three arguments on appeal. First, he urges our Court to recognize a cause of action under the ADA for a hostile work environment. Second, he argues that the District Court erred in ruling that the complained-of conduct in Hinz's workplace was not sufficiently severe or pervasive to establish a hostile work environment. Finally, Hinz argues that the District Court erred in ruling that he failed to produce any evidence that he was "regarded as having . . . an impairment" within the meaning of the ADA. *See* 42 U.S.C. § 12102(3)(A); *see also id.* § 12102(1).

This Court has "not yet decided whether a hostile work environment claim is cognizable under the ADA." *Robinson v. Dibble*, 613 F. App'x 9, 12 n.2 (2d Cir. 2015) (summary order). We need not resolve that issue today, because even if such a claim is cognizable, Hinz has failed to raise a genuine dispute of material fact as to whether his employer regarded him as disabled. This question "turns on the employer's perception of the employee" and is "a question of intent, not whether the employee has a disability." *Francis v. City of Meriden*, 129 F.3d 281, 284 (2d Cir. 1997). Hinz concedes that he never told the Village or any of its employees that he has Crohn's disease, never requested an accommodation for his disease, and rarely took sick days. And, contrary to Hinz's arguments, neither his supervisor's alleged remarks nor the context in which they were made suggests a belief that Hinz was disabled. When asked if the employer ever said anything to Hinz that "made [Hinz] believe [the employer] knew [Hinz] had a disability," Hinz stated, "I don't know." In short, we agree with the District Court that Hinz cannot show that defendant perceived Hinz to be impaired under 42 U.S.C. § 12102(3)(A).

**CONCLUSION**

We have reviewed all of the remaining arguments raised by Hinz on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk